IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTIE ROSPENDOWSKI, | : | Civil No. 4:16-CV-00526 |
| Plaintiff, | : | |
| v. | : | |
| COLUMBIA COUNTY SHERIFF and TIMOTHY CHAMBERLAIN, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This case is scheduled to proceed to trial on September 28, 2020. During the pretrial conference in preparation for trial, the court sua sponte raised the issue of whether Plaintiff had properly pleaded a hostile work environment claim in her amended complaint. After receiving a motion and briefing on that issue from the parties, the court concludes that Plaintiff has not pleaded a hostile work environment claim and grants Defendants' partial motion for summary judgment.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Kristie Rospendowski ("Rospendowski") initiated this case through the filing of a complaint on March 28, 2016, and subsequently filed an amended complaint on January 26, 2018. (Docs. 1, 43.) On March 28, 2018, United States District Judge John E. Jones, III granted Defendants' partial motion to dismiss. (Doc. 50.) Judge Jones then granted Defendants' motion for summary judgment in

part on November 5, 2018. (Doc. 67.) The case was reassigned to the undersigned pursuant to a verbal order on November 18, 2019.

At the summary judgment stage, Defendants argued that Rospendowski had not specifically pleaded a hostile work environment claim and had not produced sufficient evidence to support such a claim. (*See* Doc. 56 at 7–10.) Judge Jones denied Defendants' motion for summary judgment on the issue of whether there was sufficient evidence to support a hostile work environment claim, but did not decide whether Rospendowski had adequately pleaded such a claim. (*See* Doc. 67 at 24–30.)

The case subsequently moved into a pretrial posture, and, following numerous delays and continuances, the court conducted a pretrial conference with the parties on August 28, 2020. (Doc. 148.) During that conference, the court sua sponte raised the issue of whether Plaintiff had properly pleaded a claim for hostile work environment in her amended complaint. The court accordingly issued an order following that conference that gave the parties an opportunity to brief the issue of whether Defendants should be granted summary judgment as to any hostile work environment claim. (Doc. 149.) Defendants subsequently filed a motion for summary judgment on the hostile work environment claim along with a brief in support of the motion. (Docs. 150–51.) Rospendowski filed a brief in opposition on September 11, 2020. (Doc. 155.) No reply brief has been filed, and

the deadline for any such brief has expired. (*See* Doc. 149 at 3.) Accordingly, the issue is ripe for the court's disposition.

## **STANDARD OF REVIEW**

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the

court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."

*Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

The scope of a case is defined by the plaintiff's complaint.  *See State of Nebraska v. State of Wyoming*, 515 U.S. 1, 8 (1995) (noting that the scope of the litigation "as envisioned under the initial pleadings" was the starting point for the Court's analysis of motions to amend); *Johnson v. Wynn's Extended Care, Inc.*, 635 F. App'x 59, 60 (3d Cir. 2015) ("Johnson's second amended complaint only pled violations of the TCCWNA and the New Jersey Consumer Fraud Act, thus limiting the scope of this case to potential violations of those two statutes."). Accordingly, a complaint must give defendants "fair notice" of what claims a plaintiff is raising against the defendants and the grounds upon which the claims rest.  *Carpenters Health v. Mgmt. Res. Sys. Inc.*, 837 F.3d 378, 384 (3d Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In this case, Rospendowski's amended complaint raises six counts for relief, none of which raise a claim for hostile work environment.  Specifically, Counts I and II raise disparate treatment sex discrimination claims under Title VII of the Civil Rights Act of 1964, Count III raises a retaliation claim under Title VII, Count

IV raises a sex discrimination claim under the Pennsylvania Human Relations Act ("PHRA"), Count V raises a retaliation claim under the PHRA, and Count VI raises a claim for violation of Rospendowski's First Amendment rights.[1] (*See* Doc. 43.)  The only mentions of a hostile work environment in the amended complaint are in the context of Rospendowski's retaliation claims, and they are provided only to establish the factual predicate for her retaliation claims—i.e., that she filed a complaint to initiate this case. (*See Id.* ¶¶ 74, 83 ("On March 28, 2016, Plaintiff filed the instant lawsuit in the Middle District of Pennsylvania, alleging that Defendant discriminated against her by maintaining a hostile work environment based on sex.").)

Thus, the only notice Defendants had of a possible hostile work environment claim were two allegations embedded in Rospendowski's retaliation claims which did not themselves directly allege a hostile work environment.  This is not sufficient to plead a hostile work environment claim. *See Carpenters Health*, 837 F.3d at 384 (holding that a complaint must give defendants fair notice of the claims against them); *see also Two Two v. NAPA Transp., Inc.*, No. 1:17-CV-02222, 2020

---

[1] The amended complaint, which was filed twenty-two months after the original complaint, added Counts II through VI, among other amendments.  (Doc. 43.)  Several of these claims have been dismissed at the motion to dismiss or summary judgment stages.  (*See* Docs. 50, 67.)  As a result of those orders, only Counts I, II, and IV remain viable, and Counts I and II have been dismissed with respect to Defendant Timothy Chamberlain.

WL 5370039, at *7 (M.D. Pa. Sept. 8, 2020) (granting summary judgment on hostile work environment claim where plaintiff's complaint did not plead a hostile work environment claim); *Giovanetti v. Dep't of Corr.*, No. 1:17-CV-01787, 2020 WL 4924545, at *5 (M.D. Pa. Aug. 21, 2020) (same).

Rospendowski argues to the contrary that she has alleged sufficient facts to state a hostile work environment claim. (Doc. 155.) Rospendowski argues that when the amended complaint is viewed in the light most favorable to her, it shows that she has "alleged facts that her work environment was sufficiently severe or pervasive to support her hostile work environment claim." (*Id.* at 6–7.)

Even if this is true, however, it does not change the fact that Rospendowski did not raise a hostile work environment claim in her amended complaint, which is fatal to her argument. Disparate treatment claims and hostile work environment claims are distinct from one another and are based on different legal theories. *See, e.g.*, *Abramson v. William Paterson Coll. Of N.J.*, 260 F.3d 265, 281 n.11 (3d Cir. 2001); *Green v. Postmaster Gen. of U.S.*, 437 F. App'x 174, 178 (3d Cir. 2011); *Ivins v. Pa. Dep't of Corr.-SCI Graterford*, No. 17-CV-05777, 2019 WL 653092, at *14 (E.D. Pa. Feb. 15, 2019). Thus, in the absence of a claim specifically pleading a hostile work environment, it is not appropriate to infer the existence of a hostile work environment claim from the averment of facts in support of a disparate treatment claim. *Raffaele v. Porter*, No. 09-CV-03622, 2012 WL 33035,

at *5 (E.D. Pa. Jan. 6, 2012). The court will accordingly grant Defendants summary judgment as to any hostile work environment claim based on Rospendowski's failure to plead such a claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is granted. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 18, 2020